Nancy HYDER, Plaintiff—Appellee,

v.

KEMPER NATIONAL SERVICES, INC.; Lumbermen's Mutual Insurance Company; Broadspire Services, Inc., Defendants—Appellants,

Vodafone Americas, Inc. Short Term Disability Plan; Vodafone Americas, Inc. Long Term Disability Plan, Defendants—Appellants,

and

Vodafone Americas, Inc., Defendant,

Vodafone Employee Health Plan; Vodafone Employee Dental Plan; Verizon Wireless, Inc., Defendants.

Nancy Hyder, Plaintiff—Appellee,

v.

Kemper National Services, Inc.; Lumbermen's Mutual Insurance Company; Broadspire Services, Inc., Defendants—Appellants,

Vodafone Americas, Inc. Short Term Disability Plan; Vodafone Americas, Inc. Long Term Disability Plan, Defendants—Appellants,

and

Vodafone Americas, Inc., Defendant,

Vodafone Employee Health Plan; Vodafone Employee Dental Plan; Verizon Wireless, Inc., Defendants.

Nos. 07–15803, 07–16122.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Dec. 8, 2008.

Richard Johnston, Johnston Law Office, Santa Rosa, CA, for Plaintiffs–Appellees.

Craig Penrose, Esquire, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, for Defendants–Appellants.

Marcia L. Pope, Esquire, Pillsbury Winthrop Shaw Pittman LLP, Christina M. Kotowski, Fisher & Phillips LLP, San Francisco, CA, for Defendants.

Before: FERNANDEZ, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM *

Plaintiff–Appellant Kemper National Services, Inc., appeals the district court's order awarding Defendant–Appellee Nancy Hyder short-term disability benefits, long-term disability benefits, and attorney's fees. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

 The district court was not clearly erroneous in determining that Hyder's failure to notify Kemper of her claim for short-term disability benefits within eight days of the first day of her disability does not bar her claim for benefits. The plan provides that if such failure "was due to reasonable cause, your benefits may be reinstated for any period you were not in compliance." Hyder's employer did not provide her with a copy of the plan documents, despite her repeated requests. Her employer also told her twice that she was ineligible for short-term disability benefits. Because of her employer's failure to provide accurate information, Hyder did not know how to apply for benefits or even that she was eligible. This consti-

tutes reasonable cause and excuses her failure to notify Kemper within eight days.

 We decline to reach Kemper's argument that Hyder's short-term disability claims are barred by waiver or estoppel, because Kemper did not assert either as grounds for denying Hyder's short-term benefits at the administrative level. *Jebian v. Hewlett–Packard Co.,* 349 F.3d 1098, 1104 (9th Cir.2003).

II

 The three-year limitation on filing suit for benefits under Kemper's long-term disability plan does not bar Hyder's action. The language of the plan is ambiguous, and therefore it must be construed against Kemper. *See Babikian v. Paul Revere Life Ins. Co.,* 63 F.3d 837, 840 (9th Cir. 1995) (holding an ERISA plan provision is ambiguous if two reasonable and fair interpretations are possible); *Mogck v. Unum Life Ins. Co. of Am.,* 292 F.3d 1025, 1029 (9th Cir.2002) (holding an ambiguous provision "is to be construed liberally in favor of the insured and strictly against the insurer"). It was reasonable for Hyder to believe that "the date when proof of [her] claim was required" was July 1, 2002, the date Kemper instructed her to return her application. Thus, Hyder had until July 1, 2005, to file suit, and her suit filed on February 25, 2005, was timely.

III

 The district court did not abuse its discretion in considering the opinion Hyder submitted from Dr. Madill. Hyder submitted the opinion to Kemper for its consideration at the administrative level; thus, it was part of the record. Even if

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 35–3.

she had not, the district court has discretion to consider all "evidence necessary to conduct an adequate de novo review." *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan,* 46 F.3d 938, 944 (9th Cir.1995). Because Kemper never made any determination as to whether Hyder was disabled, the district court considered the question in the first instance, and thus did not abuse its discretion in considering Dr. Madill's report.

■ Hyder provided sufficient evidence showing she could not perform the essential functions of her employment. Dr. Madill's opinion described specific physical and cognitive limitations, as well as their detrimental effects on Hyder's ability to work. This is not merely the assertion of a diagnosis, which would be insufficient to demonstrate objective limitations to working. *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 880 (9th Cir.2004).

■ Hyder's disability does not consist of a "self-reported condition," because her condition has been diagnosed and verified "using generally accepted standard medical procedures and practices." Nor is her condition chronic fatigue, which can be a self-reported condition. Therefore, her long-term disability benefits are not subject to the plan's two-year limitation on benefits for such conditions.

Because Kemper has not shown that Dr. Madill's report was considered in error, that Hyder failed to provide sufficient evidence of her work limitations, or that Hyder's condition is a self-reported condition, there is no reversible error in the district court's determination that Hyder made a prima facie showing of disability.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

IV

Because Kemper fails to demonstrate on appeal that the district court erred in awarding disability benefits to Hyder, we decline to reverse the award of attorney's fees.

**AFFIRMED.**